**U.S. BANKRUPTCY COURT**
**District of South Carolina**

Case Number: **15-02606-hb**

# ORDER DENYING APPROVAL OF REAFFIRMATION AGREEMENT

The relief set forth on the following pages, for a total of 5 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**09/03/2015**



Entered: 09/03/2015

US Bankruptcy Judge
District of South Carolina

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE:<br><br>Jeffrey Hill and Faith Hill,<br><br>Debtor(s). | C/A No. 15-02606-HB<br><br>Chapter 7<br><br>**ORDER DENYING APPROVAL OF REAFFIRMATION AGREEMENT** |

**THIS MATTER** came before the Court on September 1, 2015, for a hearing on the Reaffirmation Agreement executed by Jeffrey Hill and Faith Hill ("the Hills") and Penny Mac Loan Services, LLC ("Creditor").[1] The Hills, appearing *pro se*, were present at the hearing and asked the Court to approve the Reaffirmation Agreement. No one appeared on behalf of Creditor.

### FINDINGS OF FACTS

The Hills jointly filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on May 13, 2015. Thereafter, on May 26, 2015, the Hills filed their Schedules and Statements.[2] On Schedule A, the Hills list a fee simple interest, valued at $238,500, in their family residence located at 1143 Kings Bottom Drive, Fort Mill, South Carolina, 29715, and a secured claim on the property in the amount of $229,000. On Schedule D, they list Creditor's mortgage on the family residence in the amount of $229,000. It appears there are no other liens on the property. The Hills' Schedule I indicates a joint monthly take home pay of $2,696. The Hills' Schedule J lists their average monthly expenses of $4,923, which demonstrates a net monthly deficit of $2,227. Schedule J includes a monthly mortgage payment in the amount of $1,611. The Hills' Statement of Financial Affairs indicates a payment of $1,696 to Creditor on "2/4, 2/23, 3/6, 5/7/2015[.]" Their Statement of Intention indicates that they intend to reaffirm the mortgage debt.

---

[1] ECF No. 28, filed Aug. 12, 2015.
[2] ECF No. 12, filed May 26, 2015.

1

On August 12, 2015, a Reaffirmation Agreement between the Hills and Creditor was filed seeking to reaffirm the debt of $227,615.44, which includes $400.00 in attorney's fees for preparation of the Reaffirmation Agreement.[3] The agreement indicates repayment terms of $1,611.31 per month for 324 months at a 3.75% fixed interest rate and lists the current market value of the property is $238,500. Updating Schedules I and J, the Agreement indicates that the Hills have a monthly net income in the amount of $3,966, monthly expenses in the amount of $3,868.00, which includes the reaffirmed debt, and a monthly net disposable income of $98.00. The Hills attribute the changes in income and expenses to a reduction in payroll deductions and changes in the Hills' spending habits. At the hearing on the agreement, the Hills further stated that Mr. Hill is receiving more income from his real estate business than previously scheduled and their overall monthly net income has improved. Because the Hills' current income appears to exceed their expenses, the presumption of undue hardship does not arise. The Hills further stated that they are current on their mortgage payments to Creditor. The reaffirmation agreement does not appear to alter the repayment terms of the mortgage obligation, other than adding $400 in attorney fees to the balance.

## CONCLUSIONS OF LAW

The purpose behind the Bankruptcy Code is to "give[] to the honest but unfortunate debtor . . . a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt." *Local Loan Co. v. Hunt*, 292 U.S. 234, 244 (1934). This purpose is accomplished by the discharge of certain debts; therefore, exceptions to discharge are narrowly construed. *See In re Watson*, No. CA 10-04254-DD, 2010 WL 5169078, at *1 (Bankr. D.S.C. Aug. 10, 2010); *see also In re Rountree*, 478 F.3d 215, 219 (4th Cir. 2007) ("When

---

[3] ECF No. 28, filed Aug. 12, 2015.

2

considering the applicability of an exception to discharge, we construe the exception narrowly to protect the purpose of providing debtors a fresh start." (internal quotations omitted)). A debtor may choose to reaffirm a debt pursuant to 11 U.S.C. § 524(c).[4] Section 524(c)(6)(A) requires the Court to make further inquiry when the reaffirmation agreement is made between a creditor and an unrepresented or *pro se* debtor to determine (i) whether the agreement imposes an undue hardship on the debtor and (ii) whether the agreement is in the best interest of the debtor.

The question before the Court in this matter is substantially similar to that before the Court in *In re Waller*, 394 B.R. 111 (Bankr. D.S.C. 2008). In that case, the chapter 7 debtors sought approval of two reaffirmation agreements between the debtors and the South Carolina State Housing Finance and Development Authority whereby debtors sought to reaffirm two mortgages obligations. *Id.* at 112. Counsel, on behalf of the debtors, filed the reaffirmation agreements with the Court for approval. *Id.* Debtors' Schedules I and J indicated a negative monthly disposable income. *Id.* Debtors, however, were current on their mortgage payments. *Id.* The Court found that reaffirmation of the debts secured by real estate, when the debtors were current on their monthly payments, was not in their best interest and "Debtors who are current with payments on debts secured by real property are not limited to the options of surrender, reaffirmation, or redemption found in § 521(a)(2), but may also choose to continue with the payments and retain possession of the property." *Id.* at 113. This course of action is commonly referred to as a "ride-through." *Id.* The Court found that the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 made changes to the "ride-through" option as it relates to personal property only and did not affect the viability of the "ride-through" option for debts secured by real property. *Id.*; *see also In re Wilson*, 372 B.R. 816, 820 (Bankr. D.S.C. 2007). The Court reaffirmed the availability of the ride-

---

[4] Further reference to the United States Bankruptcy Code, 11 U.S.C. §101, *et seq.*, will be by section number only.

3

through option in a subsequent decision finding that reaffirmation of a debt secured by real property was not in the best interest of debtors even though no presumption of undue hardship arose and debtors had a positive monthly net disposable income. *In re Watson*, No. CA 10-04254-DD, slip op., 2010 WL 5169078 (Bankr. D.S.C. Aug. 10, 2010).[5]

The Hills have indicated to the Court that they are current on their monthly payments to Creditor and were current at the time of the filing of their petition. Therefore, as reaffirmation is not necessary for the retention of the property and voluntary repayment of the debt, the Court cannot find that it is in the best interest of the Hills to reaffirm the debt secured by real property. Further, the reaffirmation agreement sought to add $400 to the debt for attorney's fees for preparation of the reaffirmation agreement. However, there is no indication in the filings before the Court that an attorney was involved or that a reaffirmation agreement was necessary. Therefore, there is no evidence that this is a reasonable, allowable expense or that any such fee is due from the Hills.

**IT IS, THEREFORE, ORDERED** that approval of the Reaffirmation Agreement between Debtors and Creditor is **DENIED** and the attorney fee of $400 referenced in the reaffirmation agreement is not supported by the record before the Court and is not due. The Hills may elect to continue voluntary repayment of the debt in question pursuant to the terms of the contracts between the parties without reaffirmation of the debt.

**IT IS SO ORDERED.**

---

[5] *See also In re Caraballo*, 386 B.R. 398, 402 (Bankr. D. Conn. 2008) (finding that the 2005 Amendments eliminated the "ride-through" option as to personal property but not as to real property); *see also In re Covel*, 474 B.R. 702, 708 (Bankr. W.D. Ark. 2012) (finding "Congress appears to tacitly recognize a ride through option for real property."); *but see In re Harris*, 421 B.R. 597, 600 (Bankr. S.D. Ga. 2010) (finding that a debt secured by real property must be reaffirmed in order for a chapter 7 debtor to retain the property and that the ride-through option was not allowed in a chapter 7 case as to real or personal property because the Eleventh Circuit did not recognize the ride-through option prior to the 2005 amendments to the Bankruptcy Code, unlike the Fourth Circuit).